**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TARVEY REGO,

            Petitioner-Appellant,

v.

STU SHERMAN,

            Respondent-Appellee.

No.    15-17131

D.C. No. 3:14-cv-00187-VC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Argued and Submitted July 13, 2017
San Francisco, California

Before:  BEA and N.R. SMITH, Circuit Judges, and ROBRENO,[**] District Judge.

Tarvey Rego appeals the district court's dismissal of his 28 U.S.C. § 2254

habeas petition.  We have jurisdiction to hear this appeal, 28 U.S.C. § 2253, and

we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. Section 2254(d) "bars relief unless the underlying state court proceedings either (1) 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Castellanos v. Small*, 766 F.3d 1137, 1145 (9th Cir. 2014) (quoting 28 U.S.C. § 2254). This deferential standard applies when the state court has adjudicated a claim in a "reasoned decision." *Reis-Campos v. Biter*, 832 F.3d 968, 974 (9th Cir. 2016). The California Court of Appeal rejected Rego's challenge to the sufficiency of evidence presented at trial in a reasoned decision on direct appeal. Thus, we apply this deferential standard to Rego's claim that there was insufficient evidence presented to convict him.

a. To prove Rego guilty of first-degree murder under a felony-murder theory, the government was required to establish that (1) Rego committed or attempted to commit robbery; (2) Rego intended to commit robbery; and (3) while committing or attempting to commit robbery, Rego caused the death of another person. *See* Judicial Council Of California Criminal Jury Instruction ("Cal. Crim.") 540A Felony Murder; *see also People v. Cavitt*, 91 P.3d 222, 227–28 (Cal. 2004). The government was also required to prove that "the felony and murder

were part of one continuous transaction." *People v. Wilkins*, 295 P.3d 903, 907 (Cal. 2013), *as modified* (May 1, 2013) (quoting *People v. Young*, 105 P.3d 487, 502 (Cal. 2005)). The California Court of Appeal concluded that there was sufficient evidence for a jury to find the felony and the murder were part of one continuous transaction, because the government presented evidence that showed the fight started as part of the robbery attempt and the robbery was still on-going—in part because the robbery victims had not yet left the scene—when Rego stabbed his victim, Manuel Camacho. The Court of Appeal also concluded there was sufficient evidence to find Rego intended to participate in the robbery and attempted to participate in the robbery, because the undisputed evidence showed Rego stated he was going to "back up" Gerald and Manuel Salas in what he knew was a robbery attempt as he left Raquel Gomez's apartment. We must affirm the dismissal of Rego's petition on this point, because Rego has not established that the Court of Appeal's conclusions were (1) "contrary to, or . . . an unreasonable application of, clearly established Federal law," or (2) were "based on an unreasonable determination of the facts in light of the evidence presented" at trial. *See Castellanos*, 766 F.3d at 1145 (quoting 28 U.S.C. § 2254).

b. To prove Rego guilty of first-degree murder under a premeditation theory the government was required to establish that (1) Rego committed an act that

caused the death of another person; (2) when Rego acted he had a state of mind called malice aforethought; and (3) he killed without lawful excuse or justification. Cal. Crim. 520; *People v. Navarette*, 208 Cal. Rptr. 3d 757, 768 (Cal. Ct. App. 2016). The government was also required to prove that Rego "acted willfully, deliberately, and with premeditation." Cal. Crim. 521. Rego argues only that there was insufficient evidence to show he acted deliberately and with premeditation. The California Court of Appeal concluded that there was sufficient evidence to find Rego acted deliberately and with premeditation because, after hearing the commotion in the street, he returned to the apartment, ascended a flight of stairs to retrieve a steak knife and then descended to the street level, and he ignored his fiancée's warnings not to get involved. He went out into the street and waited until Gerald Salas pinned Camacho's hands behind his back; then he stabbed Camacho, who appeared to be a member of a rival gang, near his vital organs. Although these events occurred in quick succession, they are not inconsistent with a finding of premeditation under California law, which has made clear that a "cold, calculated judgment may be arrived at quickly." *People v. Solomon*, 234 P.3d 501, 518 (Cal. 2010) (citation omitted). Again, we must affirm the dismissal of Rego's petition on this issue, because he has not shown the Court of Appeal's conclusions were (1) "contrary to, or . . . an unreasonable application of, clearly established

4

Federal law," or (2) were "based on an unreasonable determination of the facts in light of the evidence presented" at trial. *See Castellanos*, 766 F.3d at 1145 (quoting 28 U.S.C. § 2254).

2. When a state court has not issued a "reasoned decision on a particular claim"—for example if the state court issued a summary denial—"a petitioner must show that 'there was no reasonable basis for the state court to deny relief.'" *Reis-Campos*, 832 F.3d at 974 (quoting *Harrington v. Richter*, 562 U.S. 86, 98 (2011)); *Castellanos*, 766 F.3d at 1145. The California Court of Appeal and the California Supreme Court summarily denied Rego's state habeas petitions, which had raised his ineffective assistance of counsel claims. Therefore, we must deny the ineffective assistance of counsel claims if there was any "reasonable basis for the state court to deny relief." *Reis-Campos v. Biter*, 832 F.3d at 974. To succeed on an ineffective assistance of counsel claim, a petitioner must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this test, petitioner must show (1) that his counsel's performance was deficient by showing his "counsel's representation fell below an objective standard of reasonableness," and (2) that he suffered prejudiced by demonstrating "that there is a reasonable probability that, but for counsel's [ineffective assistance], the result of the proceeding would have been different." *Id.* at 688, 694.

a. The California courts had a reasonable basis for rejecting Rego's claims that defense counsel was constitutionally ineffective for failing to present certain "exonerating" evidence. These claims do not meet either of the *Strickland* prongs. All of the "exonerating" evidence Rego identified is relevant, if at all, to the question of whether Gerald and Manuel Salas participated in, or were the main perpetrators of, the robbery attempt.

First, Rego has not overcome his "heavy burden of proving that counsel's assistance was neither reasonable nor the result of sound trial strategy." *Matylinsky v. Budge*, 577 F.3d 1083, 1091 (9th Cir. 2009). It was reasonable for defense counsel not to present this evidence. For the most part, this evidence carried very little probative value. Instead of presenting this weak evidence, defense counsel focused on the minimal case set out by the government, attacked the timeline of the felony-murder theory, and suggested that the jury find Rego guilty of voluntary manslaughter instead of murder. This was a reasonable trial strategy. *See Harrington*, 562 U.S. at 111 ("When defense counsel does not have a solid case, the best strategy can be to say that there is too much doubt about the State's theory for a jury to convict.").

Second, Rego has not established prejudice, because the government presented clear evidence that Gerald and Manuel participated in the attempted

robbery: (1) Darwin Ponce testified that he met two men outside of the party that he did not know—and thus were not his friends—and the three of them agreed to commit a robbery; (2) Vanessa Hernandez and Krystal Hanson (Manuel Salas's girlfriend) unequivocally testified that Gerald and Manuel discussed robbing people at the party and then explicitly left Gomez's apartment with the intent to commit robbery; and (3) shortly after they left, Gerald and Manuel were seen fighting with individuals who had come to the aid of the attempted robbery victims. In light of this evidence, the outcome of the trial would not have been any different if defense counsel had presented the largely unprobative "exonerating" evidence.

b. Rego has waived his claim that his defense counsel was constitutionally ineffective for failing to object to false and misleading evidence, because he did not present any argument or citations to support this claim in his briefs. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1548 (9th Cir. 1988) (per curiam); Ninth Circuit Rule 28-1(b); Fed. R. App. P. 28(a)(8)(A).

c. The California courts had a reasonable basis for rejecting Rego's argument that his defense counsel was constitutionally ineffective for failing to object to the prosecutor's comments in closing arguments about aiding and

abetting robbery. Although defense counsel probably should have objected to the comments (because they could be interpreted to misstate the law), the comments were not prejudicial and therefore do not meet the second *Strickland* prong. 466 U.S. at 694. It was unlikely that the jury was misled by the comments in light of the jury instructions and the other statements made during closing arguments. First, the jury was properly instructed on the law, and we must presume that the jury followed those instructions. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000). Second, defense counsel did argue at length that the attempted robbery had already ended before Rego entered upon the scene. Finally, the arguments of the prosecution and defense counsel, considered as a whole, focused the jury on the proper inquiry, that is, whether the fight occurred as part of the robbery attempt, or whether the attempt had already ended by the time Rego arrived. If the jury was not misled, then the California courts had a reasonable basis for concluding the outcome of the trial would not have been any different had defense counsel objected to the prosecutor's statements.

**AFFIRMED.**